## Appeal of Curtis Building Company, Inc.

*Jeremiah J. Cardamone,* for appellant.
*Albert R. Subers,* contra.

STANZIANI, J., May 16, 1974.—Curtis Building Company, the appellant herein, owns six contiguous lots in Upper Gwynedd Township, each lot being approximately 20 feet wide by 125 feet deep. These six lots have been held in single and separate ownership prior to the enactment of a zoning ordinance in Upper Gwynedd Township, although appellant did purchase the lots after the zoning ordinance was in effect.

On June 5, 1971, appellant applied to the Zoning Hearing Board of Upper Gwynedd Township for a variance to permit the construction of a single-family residence on the site occupied by the six lots, such variance being necessary as the site failed to meet current zoning requirements for lot area, width at building line and front, rear and side yard dimensions, all to a substantial degree.

A hearing on the requested variance was held before the zoning hearing board on July 20, 1971. At this hearing, appellant conceded that no construction would take place on the property since the motivation was to prove that a building permit could be obtained for the property in light of anticipated condemnation proceedings.

The zoning hearing board rejected the application for a variance in an order dated August 27, 1971. The board cited three reasons for its decision: the substantial failure of the lot to meet current zoning requirements; appellant's actual or constructive knowledge

of the current zoning requirements at the time the property was purchased, and appellant's admission that these proceedings are prompted purely by a profit motive. Appellant appealed the zoning board's decision and action to this court and argument was held before the court en banc on April 29, 1974.

Although it is apparent that appellant seeks variances which are extreme in nature, as the property falls far short of the current zoning requirements, the Commonwealth Court recently dealt with a similar situation and that court's decision requires that the Zoning Hearing Board be reversed in the instant case: Jacquelin v. Horsham Twp., 10 Comm. Ct. 473 (1973). Appellants in Jacquelin were the equitable owners of a lot which had been held in single and separate ownership, although not by appellants, prior to any zoning ordinance in the township and they sought a variance for the purpose of building a small home on the lot. As in the present case, the lot fell considerably short of the zoning requirements and the variance was denied. A subsequent appeal to this court was also dismissed. The Commonwealth Court, however, reversed the township on the basis that to deny the variances requested for the purpose of residential use imposed an unnecessary hardship on appellants, taking into account that the lot had been held in single and separate ownership previous to any zoning ordinance. The court specifically held that this was not an "economic hardship" case since *any* productive use of the land was denied, not merely a more productive use. Jacquelin, therefore, effectively rebuts the three bases propounded by the zoning hearing board in the present case as warranting a denial of the requested variance.

Further, a case was decided on February 15, 1974, by Judge Stefan of this court, on the basis of Jacquelin, the fact situation of which almost exactly corresponds

to the present case. That case, Breinig et al. v. Upper Gwynedd Township, 97 Montg. 303 (1974), involved five small lots in the same township for which appellants sought variances of the precise nature and under the exact circumstances as in the present case. Judge Stefan felt compelled, under Jacquelin, to reverse the zoning hearing board's denial of those variances and, like Judge Stefan, we feel compelled to reach the conclusion that to deny the property in question residential use was an abuse of the zoning hearing board's discretion.

## ORDER

And now, May 16, 1974, after argument before the court en banc and consideration of briefs and the record, the appeal of Curtis Building Company, Inc., from the decision and action of the Zoning Hearing Board of Upper Gwynedd Township is sustained and the decision of the zoning hearing board is reversed.